## FRANK RANKIN *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—228.]

**Continuance on Account of Absence of Witness.**

An application for a continuance of a murder trial, on account of the absence of a witness, should be denied, even though he has shown diligence and the evidence is material, when no reasonable probability that the attendance of the witness can be procured is shown.

**Instructions Considered Together.**

In construing instructions given by the court at the trial of one charged with murder, this court will look to all instructions given in the case and will refuse to reverse on account of a single instructions, when taken with others given which are correct and complete, and does not prejudice the substantial rights of the accused.

**Instruction Defining Aforethought, etc.**

The following instruction, when construed with others given in the trial of one charged with murder, is held to be correct: "The court instructs the jury that a wilful killing is an intentional killing and that by the phrase 'malice aforethought' in these instructions is meant a predetermination to do the act complained of without lawful excuse, and it is not material how suddenly or recently before the act such premeditation was formed."

APPEAL FROM SHELBY CIRCUIT COURT.

September 19, 1885.

OPINION BY JUDGE LEWIS:

Appellant is again seeking reversal of judgment convicting him of the crime of murder. But the grounds now relied on being different from those heretofore presented by him, should be as carefully and deliberately passed upon as if this was the first appeal.

The first one we will consider is the action of the lower court in overruling his motion for a continuance based upon the absence of the witness Duncan.

Even if appellant had used proper diligence to procure the attendance of the absent witness and his evidence was material and necessary in order to do justice, neither of which was satisfactorily shown, still it does not appear that there were reasonable grounds to believe that the attendance of the witness, who resides in another state, could have been procured at the next term of court. And therefore, according to a rule heretofore adopted by this court, and which we think should be applied in this case, appellant was not entitled to a continuance.

2. It is contended that the court erred in refusing to permit the witness, Jane Rankin, a daughter of the appellant, to state what the deceased said about her in connection with her father.

The bill of exceptions shows that the witness was permitted by the court to state what the deceased said about her father, but not what he said about her. But it appears that she did in fact state to the jury substantially what appellant averred she would state and what counsel now complain she was not permitted by the court to state. So, if the ruling of the court had been erroneous, of which we are not satisfied, appellant was not prejudiced thereby.

3. The third error seems to be more relied on and elaborately discussed by counsel, and perhaps deserves more consideration than those just referred to. It relates to instruction No. 1, which is as follows:

"The court instructs the jury that a wilful killing is an intentional killing, and that by the phrase 'malice aforethought,' in these instructions is meant a predetermination to do the act complained of without lawful excuse, and it is not material how suddenly or recently before the act such premeditation was formed."

The principal point attempted to be made in the argument of counsel, is that the definition given by the court is inaccurate and may be applied as well to manslaughter which is equally the result of predetermination however suddenly or recently before the act it is formed, as to murder, and that the jury was not informed as they should have been that to find appellant guilty of murder, they must believe that the act was not only the result of premeditation, but also of a malignity of heart, which could not exist in case of manslaughter.

The first and vital inquiry always in determining as to the correctness of instructions by the court to the jury, is whether when considered together they correctly embody the law, and are so drawn as to enable the jury to clearly comprehend their true meaning. It does not therefore necessarily follow that because a single instruction may be inaccurately or improperly written, either that the accused is prejudiced, or the jury misled or confused thereby. For an instruction which considered isolated, appears to be erroneous and calculated to mislead, might, when considered in connection with all the others given in the same case, be both explained and made a harmonious part of a consistent and correct series of instructions.

In this case the jury was clearly informed by the instructions that they were authorized according to the evidence and under the law, to find the accused guilty of murder, guilty of manslaughter, or not guilty—that if they had reasonable doubt of his being proved guilty of the higher degree, which we are bound to presume they knew to be murder, they must find him guilty of manslaughter, a distinctive and clearly defined feature of which, not at all applicable to the crime of murder, is that it is committed in sudden affray, or in sudden heat and passion.

The jury could not therefore have arrived at a verdict of murder, without having first determined the killing was not done in a sudden affray, or in sudden heat and passion.

Counsel seem to labor under the mistake that the instruction complained of authorized the jury to find the accused guilty of murder, whether malice, the necessary ingredient of the crime, existed or not.

The court, though undertaking to define "malice aforethought," did not in fact tell the jury what malice is, nor was it indispensable that it should have been defined. The definition or meaning of "aforethought" was accurately given; and the idea of malice was not

separated from, but throughout kept connected with it, and it would be unreasonable to suppose that a jury of ordinary intelligence would understand the instruction as meaning that the crime of murder could be committed without malice.

Satisfied that the instructions given plainly indicated to the jury what murder was, and what manslaughter was, and the distinction between the two, we do not perceive how appellant was prejudiced by the instruction complained of.

We have carefully examined the instructions refused as well as those given, and as the latter contained all the law applicable to the case, there was no necessity for giving the former nor was appellant prejudiced by the action of the court in withholding them, even if they had been correctly drawn.

Judgment *affirmed.*

*Baker & Atchison, G. N. Robinson, Hopson Smith, for appellant.*
*P. W. Hardin, for appellee.*